DeWine, J., dissenting.
{¶ 2} I dissent from the majority's decision to vacate the judgment of the court of appeals and remand this case to the trial court to apply this court's holding in Dayton v. State , 151 Ohio St.3d 168, 2017-Ohio-6909, 87 N.E.3d 176. The only majority holding in Dayton is that R.C. 4511.093(B)(1), 4511.095, and 4511.0912 are unconstitutional; the majority was fractured as to the reasoning behind the holding, with no position garnering support from four justices. Id. at ¶ 46 (French, J., concurring).
{¶ 3} The lack of a majority view means there is no guidance to be gleaned from Dayton -the decision adds nothing but more confusion to our general-law jurisprudence. The trial court is in no better position now than when it first heard the case to determine the constitutionality of the provisions it previously addressed that were not addressed by this court in Dayton . Dayton addressed only three discrete provisions of 2014 Am.Sub.S.B. No. 342; numerous others were reviewed by the trial and appellate courts in this case. The provisions not addressed by this court in Dayton , but at issue in the courts below here, include
• R.C. 4511.093(B)(3), which allows municipalities to issue tickets based upon evidence recorded by traffic cameras, but only if they comply with state-mandated ticket-issuing requirements;
*497 • R.C. 4511.096(A), which requires that a "law enforcement officer employed by a municipality" examine traffic-camera-photo evidence to determine whether a violation occurred;
• R.C. 4511.096(B), which makes the fact that a person is the registered owner of a vehicle prima facie evidence that the person was operating the vehicle at the time of the violation;
• R.C. 4511.096(C), which requires that a ticket be issued within 30 days of a violation;
• R.C. 4511.097(A), which limits the fine that may be imposed by a municipality for a violation;
• R.C. 4511.097(B), which mandates that a photo-enforcement ticket include, among other things, (1) a copy of the *223 recorded images, (2) the badge number of the law-enforcement officer present at the camera location at the time of the violation, and (3) a statement by a law-enforcement officer that based upon an inspection of the recorded images, the motor vehicle was involved in a traffic-law violation;
• R.C. 4511.098, which provides rights for those ticketed, including procedures to protect owners who were not driving the vehicle at the time of the infraction;
• R.C. 4511.099, which grants an administrative hearing to those wishing to contest a photo-enforcement ticket; and
• R.C. 4511.0911(A) and (B), which require manufacturers to certify the accuracy of photo-enforcement devices and provide maintenance records.
{¶ 4} The trial court found all of these provisions unconstitutional, and the court of appeals affirmed that decision. 2016-Ohio-4906, 56 N.E.3d 997, ¶ 7, 38. This court has never addressed these provisions, and Ohio municipalities wait to see whether they must comply with them. Now, they will wait longer-through another review by the trial court and another review by the appellate court, before coming back here, presumably for this court to determine whether the lower courts correctly applied our nonguidance from Dayton .
{¶ 5} This court should lift the stay on briefing in this case, apply Dayton where it fits, and address the open issues. We accepted the appeal and should decide the case.
O'Neill, J., concurs in the foregoing opinion.